IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | |
|---|---|
| Ben Asayag on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) **CLASS ACTION** ) ) |
| v. | ) CASE NO. ) |
| Optimum Outcomes, Inc., | ) ) |
| Defendant. | ) JURY TRIAL DEMANDED ) |

**CLASS ACTION COMPLAINT FOR VIOLATING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

**NOW COMES**, the Plaintiff Ben Asayag (hereinafter "Plaintiff"), by and through the undersigned counsel and files this Class Action Complaint against Defendant Optimum Outcomes, Inc. (hereinafter "Defendant") respectfully showing the Court as follows:

**INTRODUCTION**

1.

Plaintiff brings this action to remedy Defendants' unlawful business practices in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq*. (hereinafter "TCPA") by calling his cellular telephone number utilizing an automated telephone dialing system within the past 4 years without his prior permission nor for emergency purposes.

## PARTIES AND SERVICE

2.

Plaintiff is a natural person and is the subject of the dispute complained about herein. Plaintiff is currently a resident of Broward County, Florida.

3.

Defendant is a corporation organized and existing under the laws of the state of Illinois and is engaged in the business of debt collection throughout the United States, including Broward County, Florida. Defendant regularly transacts business within the state of Florida.

4.

Defendant may be served with the Summons and Complaint through its registered agent Corporation Service Company located at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

## SUBJECT MATTER JURISDICTION AND VENUE

5.

The court has jurisdiction to grant the relief sought by Plaintiff pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United States.

6.

Pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2), venue is proper in this district because the Defendant is a resident of this judicial district and is subject to this Court's personal jurisdiction.

## FACTUAL ALLEGATIONS

7.

Plaintiff has received at least 50 unsolicited debt collection calls from Defendant on his cellular telephone number 561-376-7415 in the past 48 months measured from the date of the filing of this complaint.

8.

Defendant has also left more than 10 voice mails with a pre-recorded voice searching for another person to collect a debt, thus called the wrong party. All the telephone calls alleged herein originated from telephone number 877-795-9819 according to Plaintiff's called id on his cellular telephone.

9.

Plaintiff has never supplied his cellular telephone number to Defendant and has never had a prior or existing relationship with the Defendant.

10.

In or around May 2015, after answering one of the telephone calls on his cellular telephone, Plaintiff specifically told Defendant's representative he was not the person they were looking for and to stop calling his cellular telephone number however the calls and voice mails never ceased.

11.

Before the calls were made, Defendant was aware of the prohibitions on making such a call pursuant to the Telephone Consumer Protection Act but nevertheless chose to suffer the consequences should the unlawful conduct be uncovered.

12.

Plaintiff knows the calls were made by an automatic telephone dialing system because on the calls he answered there was a long pause before someone came on the line to greet him and other times a computer generated voice would leave a voice mail asking "Jeff" to contact the Defendant regarding a debt allegedly owed.

13.

The last call to Plaintiff's cellular telephone prior to the filing of this complaint occurred on August 10, 2016.

14.

Plaintiff was charged for all the telephone calls alleged *supra*.

15.

All the telephone calls alleged *supra* were to Plaintiff's cellular telephone number using an automatic telephone dialing system and were made without his prior express consent nor for emergency purposes.

## CLASS ACTION ALLEGATIONS

16.

The named Plaintiff and others similarly situated to him, repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by reference as though set forth herein in full.

17.

Plaintiff brings this claim on behalf of a proposed class, consisting of:
All persons from September 6, 2012 through the date of the Court granting class certification, whom Defendant called and reached the wrong party on their cellular telephone----using an automated telephone dialing system without the recipients' prior consent and the calls were not made for emergency purposes.

18.

Plaintiff seeks class action certification and is authorized to maintain this lawsuit as a class action pursuant to the Federal Rules of Civil Procedure 23(b)(1); 23(b)(2) and 23(b)(3).

19.

The persons included in each Class set out above are so numerous that joinder of all parties is impractical. Upon information and belief, there are more than one thousand (1,000) members of the proposed class. More precise information concerning the size and identification of class members will be obtained through discovery and set forth in Plaintiffs subsequent Motion for Class Certification.

20.

The statutory penalty for each violation is set by law at between $500 - $1,500 per violation per class member. Thus, the claim of each potential class member is relatively small, such that it is not economically feasible to bring individual actions for each member of the class.

21.

The claims of the class representative are typical of the claims of the proposed class. Plaintiff and each of the class members were called by Defendants using an automatic telephone dialing system on their cellular telephone number without having consented to such action and was not made for emergency purposes.

22.

The questions of law and fact which are common among members of the class. The common issues include:

(a) whether the unsolicited calls to wrong party class members cellular telephone using an automatic telephone dialing system violated the TCPA;

(b) whether Defendants acted willfully and award treble damages.

23.

The questions of law or fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to any other method of fair adjudication of the class presented.

24.

The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the party opposing the class.

25.

The representative party and their counsel will take those actions necessary to protect the interests of the class members.

26.

Plaintiff has retained counsel with experience in prosecuting complex litigation and consumer protection statutes.

27.

The basis for class certification under Rule 23(b)(1)(A) is that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendants.

28.

The basis for class certification under Rule 23(b)(1)(B) is that adjudication with respect to individual members of the class would be, as a practical matter, dispositive of the interests of the other members not parties to the adjudications.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A) (iii) (TCPA)

29.

The Telephone Consumer Protection Act at 47 U.S.C. § 227(b)(1)(A) (iii) states in part:

PROHIBITIONS.—it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

30.

On at least twenty (20) separate occasions within the past four (4) years, Defendants willfully and knowingly violated the TCPA by using an automatic telephone dialing system to contact the Plaintiff on his cellular telephone number without his prior express consent and that was not made for emergence purposes.

31.

The Telephone Consumer Protection Act provides for actual damages or $500.00, whichever is greater pursuant to 47 USC 227b(3)(B) and for treble damages for a willful or knowing violation pursuant to 47 USC 227b(3).

32.

As a result of Defendants' violations of the TCPA, Plaintiff is entitled to damages in the amount of $500 per violation or $1,500 for each knowing or willful violation.

33.

As a result of Defendants' violations of the TCPA, Plaintiff is entitled to attorneys' fees and costs.

## COUNT II
## DECLARATORY JUDGMENT

34.

The named Plaintiff and others similarly situated to him, repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by reference as though set forth herein in full.

35.

This claim is an action for Declaratory Judgment brought pursuant to the provisions of 28 U.S.C. § 2201 et seq.

36.

An actual controversy exists between the parties in this case in regard to the telephone calls alleged *supra*.

37.

Plaintiff seeks declaratory relief with respect to the legal relations of the parties arising from this controversy and their respective rights and responsibilities under the TCPA.

38.

Plaintiff and putative class members seek a judicial declaration as to whether

calls made by the Defendant violated the TCPA.

## DEMAND FOR TRIAL BY JURY

39.

Plaintiff and the putative class members request a trial by jury on all of their claims so triable.

**WHEREFORE**, Plaintiff request that the Court enter judgment in favor of Plaintiff and putative class members and against Defendant for:

a. As to Count I award the sum of $1,500 for the Plaintiff for each knowing or willful violation or in the alternative the sum of $500 for each violation of the TCPA;

b. As to Count II a declaration the Defendant violated the TCPA with respect to the Plaintiff and putative class member;

c. Litigation expenses and costs of suit; and

d. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 13th day of September, 2016.

/s/ Astrid E. Gabbe
Astrid E. Gabbe
Florida Bar No. 635383
Law Offices of Astrid E. Gabbe
P.O. Box 4216

Hollywood, FL, 33083

11

954-303-9882
AstridGabbe@aol.com


/s/ Harlan S. Miller
Harlan S. Miller
Georgia Bar No. 506709
Application for Pro Hac Admission Pending
Miller Legal, P.C.
3646 Vineville Ave.
Macon, GA, 31204
(404) 931-6490
(478) 292-7808 (FAX)
hmiller@millerlegalpc.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Complaint was served by filing same via the Court's CM-ECF system, which will deliver a copies to all Counsel of Record.

Respectfully submitted this 13th day of September, 2016.

/s/ *Astrid E. Gabbe*
Astrid E. Gabbe
Florida Bar No. 635583


The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL, 33083
954-303-9882
AstridGabbe@aol.com